UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-CR-0126-001-CVE |
| ) | (09-CV-0112-CVE-PJC) |
| MARLIN JAMES MACK, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Marlin James Mack's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 1079). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**I.**

On July 13, 2001, an eleven-count second superseding indictment (Dkt. # 100) was returned against Mack and fifteen co-defendants, charging them with various crimes related to drug distribution. Count one charged Mack with conspiracy to distribute cocaine, marijuana, and cocaine base. Dkt. # 100. Count two charged Mack with possession with intent to distribute 50 grams or more of cocaine base. Id. at 24. Count four charged Mack with conspiracy to commit laundering of money instruments. Id. at 28. Count five charged Mack with possession with intent to distribute 50 kilograms or more of marijuana. Id. at 38. Mack went to trial in June 2002, and the jury found him guilty as to counts one, two, four, and five. Dkt. # 541.

Mack was sentenced on November 25, 2002. He was sentenced to life imprisonment on counts one and two, and 240 months imprisonment on each of counts four and five, to run concurrently. Dkt. ## 677; 811. Mack appealed. Dkt. # 690. The Tenth Circuit affirmed. Dkt. # 854. Mack filed a petition for writ of certiorari with the United States Supreme Court. Dkt. # 877. The Supreme Court summarily reversed and remanded the case to the Tenth Circuit for reconsideration in light of U.S. v. Booker, 543 U.S. 220 (2005). Dkt. # 905, at 2. The Tenth Circuit reinstated all non-sentencing portions of its previous opinion, vacated the sentence, and remanded to this Court for re-sentencing consistent with Booker. Id. The Court re-sentenced Mack to the same terms previously imposed. Dkt. # 947. Mack appealed. Dkt. # 950. The Tenth Circuit affirmed his sentence in its entirety. Dkt. # 1051. Mack filed a petition for writ of certiorari with the United States Supreme Court. Dkt. # 1055. The Supreme Court denied Mack's petition on February 19, 2008. Dkt. # 1058.

Mack then filed the instant motion. (Dkt. # 1079). The motion was postmarked February 25, 2009, and received by this Court on March 1, 2009. Dkt. # 1079, at 17. The Court entered an order to show cause (Dkt. # 1080) directing the United States to file a response regarding the timeliness of Mack's motion. The United States filed a response (Dkt. # 1082), and Mack filed a reply (Dkt. # 1089).

**II.**

Mack alleges four claims of ineffective assistance of counsel, one claim of prosecutorial misconduct/malicious prosecution, and alleges that the sentencing judge relied on improper factors at his re-sentencing. Dkt. ## 1079, 1083. However, before the Court addresses the merits of Mack's motion, it must determine whether Mack's motion is timely under 28 U.S.C. § 2255. A prisoner has

one year from the Supreme Court's denial of certiorari in which to file a § 2255 motion. U.S. v. Willis, 202 F.3d 1279, 1280-81 (10th Cir. 2000). Because the Supreme Court denied his petition for a writ of certiorari on February 19, 2008, Mack's deadline for filing a § 2255 motion was February 19, 2009.

Mack's motion was received in this Court on March 1, 2009. Dkt. # 1079, at 17. The envelope containing the motion is postmarked February 25, 2009. Id. Mack did not date the motion itself. Id. at 13. The case manager's stamped acknowledgment of oath has an unintelligible date in February.[1] Id. R. Danchise, case manager at the prison in which Mack is incarcerated, stated that this unintelligible date was prior to the day on which Mack mailed his paperwork. Dkt. # 1089, at 3. Mack stated that "[t]he envelope that my 2255 was received in has the date the legal mail room received it stamped on it." Id. at 2. However, the only two dates on the envelope received by the Court are the February 25, 2009 postmark and the March 1, 2009 date of receipt by the Court Clerk. Dkt. # 1079, at 17.

Mack states in his motion that it is within § 2255's one-year time limit. Dkt. # 1079, at 11. Attached to Mack's motion is a list of dates on which Mack's prison was on lockdown. The relevant lockdown dates are February 17-22, 2009, and a half-day on February 16, 2009. Id. at 14. Inmates did not have access to legal mail during the lockdown. Dkt. ## 1089, at 3; 1090, at 1.

---

[1] The date appears to be February 12, 2009. However, this date is not relevant because it is the date Mack signed the motion, not the date he mailed it. See infra.

3

A.   Prisoner Mailbox Rule

Pursuant to the prisoner mailbox rule, a pro se prisoner's § 2255 motion is deemed filed on the day it is given to prison officials for mailing. Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005). However, the prisoner bears the burden of proving that timely filing was made. Id. at 1165.

> An inmate can establish the date on which he or she gave the papers to be filed with the court to a prison official in one of two ways. First, 'if the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule.' . . . The second mechanism for establishing a filing date for purposes of the mailbox rule must be used if the inmate does not have access to a legal mail system or if the existing legal mail system is inadequate to satisfy the mailbox rule. In either of these circumstances, the 'mandatory method by which a prisoner . . . proves compliance with the mailbox rule' is to 'submit a declaration [in compliance with the rules for § 2255 proceedings] . . . or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid.'

Id. at 1165 (quoting United States v. Ceballos-Martinez, 387 F.3d 1140, 1144-45 (10th Cir. 2004)). If a prisoner does not document usage of the prison's legal mail system or submit a notarized declaration stating the date on which he deposited the motion to be mailed, he cannot avail himself of the prisoner mailbox rule. See id. at 1166; see also Fogle v. Estep, 220 Fed. App'x 814, 816 (10th Cir. March 27, 2007) (unpublished) (stating that prisoner could not invoke the mailbox rule where he made only unsworn allegations regarding the date on which he provided his motion to prison officials); United States v. Fredette, 191 Fed. App'x 711, 714 (10th Cir. Aug. 9, 2006) (unpublished) (determining that the date on which the district court received prisoner's motion was the date of filing because the prisoner did not claim or show use of the legal mail system or submit a notarized declaration stating the date on which he deposited his motion to be mailed).[2]

---

[2]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

In this case, Mack has not established the date on which he submitted his motion to prison officials to be filed. Mack has not stated the actual date on which he submitted his motion to the prison's legal mail system. He has only alleged (in an unsworn filing) that "the envelope that my 2255 was received in has the date the legal mail room received it stamped on it." Dkt. # 1089, at 2. The Court cannot speculate as to what date stamp Mack is referring.[3] The motion itself is not dated. Dkt. # 1079, at 13. The unintelligible date of the case manager's stamp on the signature page of Mack's motion is irrelevant because Mack has never represented that this was the date on which he submitted his materials to prison officials, and the case manager stated that "the undecipherable date was prior to the memorandum" Mack requested "from Counselor Elliot on the day that he mailed his paperwork." Dkt. # 1089, at 3.[4] Mack has not provided a copy of the memorandum from Counselor Elliot.

Because Mack has failed to document his use of the prison legal mail system or provide a sworn declaration stating the date on which he submitted his motion to be mailed, Mack cannot avail

---

[3] Further, the only two date stamps apparent on the filed copy of the envelope are February 25, 2009 and March 1, 2009. Dkt. # 1079, at 17. Mack's § 2255 motion would be untimely if filed on either of these days.

[4] This evidence that Mack did not mail his motion on the same day it was subscribed and sworn to the case manager distinguishes Mack's case from <u>Marsh v. Soares</u>, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000), in which the Tenth Circuit "treat[ed] the petition as placed in the hands of prison authorities on the same day it was signed," even though it was not file stamped until several days later.

himself of the prisoner mailbox rule.[5] If deemed filed on either February 25, 2009 (the postmark date) or March 1, 2009 (the date received by the Court), Mack's filing is untimely.

B.      Equitable Tolling

"Generally, equitable tolling requires a litigant to establish two elements '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' [The Tenth] Circuit applies equitable tolling to the AEDPA one-year limitation period." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327 (2007)). Examples of extraordinary circumstances are "when a prisoner is actually innocent, when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). A prisoner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang, 525 F.3d at 928 (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Mack did not have access to the prison's legal mail system during the lockdown on February 16, 2009 (half-day) and February 17-22, 2009. However, assuming that inability to access legal mail is an "extraordinary circumstance" that supports equitable tolling, Mack has not shown diligence in pursuing his rights. Mack has not demonstrated why he failed to file his motion before the lockdown began on February 16, despite its being subscribed and sworn to perhaps as early as

---

[5]     Mack's assertion that "being a laymen [sic] I didn't know . . . that I had to certify my mailing of use of legal mail system," Dkt. # 1089, at 2, does not entitle him to a different determination. "[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" Marsh, 223 F.3d at 1220 (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)). Further, Mack failed to document his use of the legal mail system upon making this statement.

6

February 12, 2009. See footnote 1, supra. Further, Mack has provided no explanation for the delay in filing after the lockdown ended on February 22. The envelope was postmarked three days after the lockdown ended. Mack has not demonstrated that he was diligently pursuing his claim.[6] Therefore, the circumstances do not justify equitable tolling of the one-year limitation period.

For these reasons, Marlin James Mack's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 1079) is **dismissed** with prejudice as barred by the statute of limitation. The pending motions (Dkt. ## 1083, 1096) are hereby **moot**. A separate judgment of dismissal is entered herewith.

**IT IS SO ORDERED** this 10th day of November, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] Again, Mack's assertion that "I didn't know I had to explain circumstances for equitable tolling," Dkt. # 1089, at 2, does not help him. Mack did not explain why he was entitled to equitable tolling upon making this statement.